19182

H. R. MILLER, Jr., Appellant, v. Mavis Arlene Miller SAMMONS, Respondent

(179 S. E. (2d) 724)

*Messrs. Rainey, Fant & McKay,* of Greenville, *for Appellant,*

*Harold N. Morris, Esq.,* of Greenville, *for Respondent,*

March 3, 1971.

LEWIS, Justice:

This is a controversy between divorced parents over the custody of their two children, a boy and a girl, ages 4 and 5.

The parents were granted a divorce on December 23, 1966, by a decree of the Family Court of Greenville County. Custody of the children was awarded to the mother with limited visitation privileges to the father. Thereafter, on January 29, 1968, the father petitioned the court to award him full custody of the children on the ground of a change in conditions. This petition was denied on or about February 28, 1968.

The present matter arises out of a second petition by the father, filed on September 5, 1969, seeking custody of the children upon the ground of a change in conditions after his last petition was denied. He alleged that the conduct of the mother and her inattention to the needs of the children warranted depriving her of their custody. After hearing considerable testimony, this second petition was denied, but the visitation privileges of the father were considerably increased. The father has appealed from that decision.

While we do not condone the conduct of the mother in certain respects, the record shows that she is not employed, gives the children her full attention, and has apparently done an acceptable job in caring for the needs of the children on the small amount of $20.00 per week contributed by the father. She lives in a two bedroom trailer located in the yard of her parents whose helpful interest in the children is shown by the record. The father works, lives alone, and would have to leave the children with others while he is away from home.

Further review of the testimony is unnecessary. In child custody matters, the court is seldom, if ever, given the choice of a perfect situation in which to place the children. This is

true here. However, out of the choices available to the trial judge, we conclude that he made the preferable one. The continuing jurisdiction of the lower court affords opportunity for such future changes and adjustments in the custody of the children as their best interests and welfare may require.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.